HOERLE et al. v. HOERLE et al.

(Supreme Court, Appellate Division, First Department. May 6, 1904.)

1. ADVANCEMENTS—CLAIMS OF HEIRS—WAIVER—PARTITION.

Where there was a dispute between the children of an intestate as to what moneys had been advanced to one of them out of the estate, and as to whether that one was liable or not to the extent of such advancements, and the one advanced refused to join in an agreement which the others wished to enter into to mortgage certain common property, unless they would release any claims they might have against him for the advancements, and accord him the same rights as the others were entitled to in the property, namely, a one-seventh interest, an instrument signed by all the others, in which they agreed to give the one advanced one-seventh of the estate after all outstanding debts had been paid, constituted a waiver of their right to have the advancements charged against the interest of the one advanced on a subsequent partition of the property.

Appeal from Special Term, New York County.

Action by Justus Hoerle and Christina Hoerle against Wilhelmina D. Hoerle and others. From an interlocutory judgment affirming a referee's report in partition, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

James A. Allen, for appellants.
William B. Ellison, for respondents.

O'BRIEN, J. The action was brought for the partition of real property which the plaintiff Justus Hoerle and the defendants, his brother and five sisters, own by inheritance from their mother. Certain of the defendants appeal from the interlocutory judgment confirming the referee's report, and present for consideration two questions—one as to whether the sum of $1,250, instead of $1,000, as found by the referee, was advanced to the plaintiff by his mother; and the other whether they waived or released their right to have such advancement charged against the interest of the plaintiff Justus Hoerle in the property.

In view of our conclusion upon the second of these questions, it is unnecessary to determine the first, because, agreeing as we do with the referee and the learned judge at Special Term that the appellants

released or waived their right to have the advancements charged
against the interest of Justus Hoerle, it is entirely immaterial, so far
as affecting this appeal, whether the sum advanced was $1,000 or
$1,250. On February 13, 1896, the appellants joined in the execution
of the following instrument:

"New York, February, 13/96.

"We the undersigned do hereby agree to give to Mr. Justus Hoerle, one
seventh ($1/7$) of the estate, after all outstanding debts have been paid.

"[Signed]

Wilhelmina Hoerle.     Louise Hoerle.
"Frances Hoerle.       Charles J. Hoerle.
"Emma Hoerle.          Anna Hoerle."

At the time this instrument was signed there was, and had been for a
long while, a dispute between the plaintiff and his brother and sisters
as to what moneys had been advanced to him by his mother out of the
estate, and as to whether or not he was liable to the extent of such
advancements. All thought it important that an old building upon
the land should be replaced by a new one, and to obtain the money for
this purpose it was necessary to mortgage the property. All the chil-
dren excepting the plaintiff were willing to enter into an agreement
to mortgage the property. He insisted, before he would consent that
the dispute as to the advancements, which had been so frequently dis-
cussed between the parties, should be settled; and was willing to join
in the agreement to mortgage, provided the others would release any
claim they might have against him for such advancements and accord
to him the same rights as they each were entitled to in the property,
namely, a one-seventh interest. Thereupon the instrument set forth
was signed. Apart, therefore, from the question of the finding of
the referee as to the precise sum advanced, we think that, in view
of the evident intention of the parties to the instrument of February
13, 1896, but one conclusion can legally be drawn from the facts, and
this finds expression in the opinion of the referee that "all the evi-
dence in the case points to a settlement of reciprocal demands, in-
cluding the waiver of the $1,000 advancement by the instrument of
February 13, 1896, in consideration of plaintiff's joining in the project
for the improvement of the property."

It follows that the interlocutory judgment appealed from should
be affirmed, with costs. All concur.